# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SARAH HAPKA, individually and on
behalf of all others similarly situated, )
                                                      )
                        Plaintiff, )
                                                      )
v. )          Case No.16-2372-CM-KGG
                                                      )
CARECENTRIX, INC., )
                                                      )
                      Defendants. )
_____ )

## ORDER ON MOTION TO DESIGNATE
## UNKNOWN NONPARTY FOR COMPARATIVE FAULT

Now before the Court is Defendant's Motion to Permit Putative Class Discovery (Doc. 60). For the reasons set forth below, Defendant's motion is **DENIED**.

## BACKGROUND

This case involves a claim for common law negligence. More specifically, Plaintiff alleges that Wage and Tax Statements belonging to her and other employees of Defendant were stolen from Defendant by an unknown third party. Plaintiff contends that Defendant "owed a duty to Plaintiff and the Class to exercise reasonable care in obtaining, securing, safeguarding, deleting and protecting Plaintiff and Class members' personal and tax information within its control from being compromised, lost, stolen, accessed and misused by

unauthorized persons." (Doc. 1, at ¶ 60; Doc. 54, at 2.) A fraudulent tax return was subsequently filed in Plaintiff's name. She contends she continues to be at a heightened risk for tax fraud and identity theft. (Doc. 1, at 10-11.) The District Court previously denied Defendant's Motion to Dismiss, finding that Plaintiff had sufficiently plead duty, breach, and causation. (*See* Doc. 31; Doc. 10.)

Defendant brings the present motion requesting permission to send "a simple, voluntary questionnaire" to putative class members. Defendant contends the information sought is relevant, "necessary, cannot be discovered without putative class member discovery, and can be discovered without imposing any significant burden on the putative class members . . . ." (Doc. 61, at 1.) Plaintiff objects that the questionnaire is misleading and will result in unfair prejudice. (Doc. 62, at 3-6.) Plaintiff continues that the information sought is unnecessary to class-wide issues. (*Id.*, at 7.)

## **DISCUSSION**

The Federal Rules of Civil Procedure "neither prohibited nor sanctioned explicitly" putative class discovery. ***Schwartz v. Celestial Seasonings, Inc.***, 185. F.R.D. 313, 316 (D. Colo. March 2, 1999) (citing ***Krueger v. New York Tel. Co.***, 163 F.R.D. 446, 450 (S.D.N.Y.1995)). Utilizing this procedure is within the discretion of the court, but it should not be used "when it only will confuse the

absentees, some class members can demonstrate that it will prejudice their rights, it will be employed prematurely or administered in an inappropriate fashion, or it will serve only to reduce the efficiencies of the class action." *Id*. (citing 7B Charles Alan Wright *et al*., *Federal Practice and Procedure* § 1787 at 218–19 (2d ed.1986)).

The general rule is that discovery requests to absent class members are "generally disfavored." ***Sibley v. Sprint Nextel Corp.***, No. 08-2063-KHV, 2009 WL 3244696, at *2 (D. Kan. Oct. 6, 2009) (citing ***McPhail v. First Command Fin. Planning, Inc.***, 251 F.R.D. 514, 517 (S.D. Cal.2008) and ***Barham v. Ramsey***, 246 F.R.D. 60, 62 (D.D.C.2007)). That stated,

> that rule is not absolute, and discovery of absent class members may be allowed in certain circumstances. In considering the propriety of such requests, courts look to whether the information sought is necessary for trial preparation and whether the discovery requests made to class members are designed to be a tactic to take undue advantage of or otherwise limit the number of class members.

***Sibley v. Sprint Nextel Corp.***, No. 08-2063-KHV, 2009 WL 3244696, at *2 (D. Kan. Oct. 6, 2009) (citations omitted). Because the procedure is generally disfavored, "[t]he party moving to include the questionnaire has the burden of proving necessity." *Schwartz*, 185 F.R.D. at 316. When allowed at the pre-class certification stage, "discovery in a putative class action is generally limited to

3

certification issues: e.g., the number of class members, the existence of common questions, the typicality of claims, and the representative's ability to represent the class." *Colorado Cross-Disability Coalition v. Abercrombie & Fitch Co.*, NO. 09-2757, 2011 WL 5865059, at *1 (D. Colo. Nov. 22, 2011) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978).

Defendant contends that "[i]n order to test [Plaintiff's] claim that her experiences are substantially similar to those of a large class of people, we must first know what that class of people experienced." (Doc. 61, at 6.) Defendant also argues that while Plaintiff "fears an increased risk of encountering some unknown problem sometime in the future" as a result of the identity theft, "what we do not know right know – and what we cannot know without class member discovery – is whether anyone else in the class shares Hapka's fear." (*Id.*, at 7.) Plaintiff responds that such an "individualized damages inquiry is unnecessary and irrelevant to a trial of class-wide issues," particularly where Plaintiff intends "to show class-wide injury through the use of expert testimony." (Doc. 62, at 7.)

The Court agrees with Plaintiff. Defendant argues that it must be allowed to conduct discovery into whether the injuries and damages suffered by putative class members are similar to that suffered by the proposed class. Defendant essentially contends this is necessary to evaluate the typicality element of the certification

4

issue – "to determine if Hapka is typical of the class she claims to represent." (Doc. 61, at 6.)

The typicality requirement is satisfied if there are common questions of law or fact. Fed.R.Civ.P. 23(a). "Provided the claims of Named Plaintiffs and putative class members are based on the same legal or remedial theory, differing fact situations of the putative class members do not defeat typicality." ***DG v. Devaughn***, 594 F.3d 1188, 1198-99 (10th Cir. 2010) (*citing* ***Adamson v. Bowen***, 855 F.2d 668, 676 (10th Cir.1988)). "'[L]ike commonality, typicality exists where . . . all putative class members are at risk of being subjected to the same harmful practices, regardless of any class member's individual circumstances.'" ***Anderson Living Trust v. WPX Energy Production, LLC***, 306 F.R.D. 312, 382 (D. N.M. 2015) (citing ***DG v. Devaughn***, 594 F.3d at 1199). Differences in the amount of damages will not defeat typicality. *Id*., at 382-83.

Defendant's contention that it is "necessary" to be allowed discovery at this stage in the proceedings regarding the damages – and potential "fears" – of all putative class members is unfounded. The Court finds that Defendant has failed to establish the necessity of receiving the requested information, particularly at this stage of the proceedings. Defendant's motion is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Permit Putative Class Discovery (Doc. 60) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 7th day of August, 2017.

                                          S/ KENNETH G. GALE
                                          KENNETH G. GALE
                                          United States Magistrate Judge