IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SARAH HAPKA, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>  v.<br><br>CARECENTRIX, INC.,<br><br>                    Defendant. | Case No. 2:16-cv-02372-KGG |

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

Before the Court is Plaintiff Sarah Hapka's unopposed motion for preliminary approval of class action settlement (Doc. 88). The parties propose a settlement of this case, in accordance with a Settlement Agreement dated September 20, 2017 (the "Settlement Agreement"), which, together with the Exhibits thereto, sets forth the terms and conditions for a proposed settlement of this litigation and for a dismissal with prejudice upon the terms and conditions set forth therein.[1] Based on the filings submitted and the arguments of counsel before this Court on September 26, 2017, the Court hereby GRANTS the pending motion and further orders as follows:

    1.    **Class Certification for Settlement Purposes Only.** The Court provisionally certifies, for settlement purposes only, and subject to the exclusions set forth in paragraph 22 of the Settlement Agreement, a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) defined as follows: "All current and former employees whose Personal

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

1

Information was compromised as a result of the e-mail security incident announced by CareCentrix, Inc. in March 2016."[2]

The Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claim of the Settlement Class Representative is typical of and arises from the same operative facts and seeks similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representative and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **<u>Preliminary Settlement Approval</u>**. Upon preliminary review, the Court finds that the proposed Settlement is fair, reasonable and adequate to warrant providing notice of the Settlement to the Class and accordingly is preliminarily approved.

3. **<u>Jurisdiction.</u>** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

---

[2] "Personal Information" is defined in paragraph 18 of the Settlement Agreement as "names, dates of birth, Social Security numbers, addresses, employment information, and other information contained in Internal Revenue Service Wage and Tax Statements (W-2 Forms) that were accessed without authorization as a result of the E-mail Security Incident."

4. **Settlement Class Representative and Settlement Class Counsel.** The Court appoints Plaintiff Sarah Hapka as the Class Representative. The Court finds that Barrett J. Vahle and his firm Stueve Siegel Hanson LLP are experienced and adequate counsel who satisfy the requirements of Federal Rule of Civil Procedure 23(g) in this matter. Mr. Vahle is appointed as Settlement Class Counsel.

5. **Settlement Administrator**. The Court appoints Heffler Claims Group as the Settlement Administrator, with responsibility for class notice and claims administration.

6. **Notice**. The proposed notice program set forth in the Settlement Agreement and the declaration of Mark P. Rapazzini, Esq., of Heffler Claims Group, and the Notice and Claim Form attached to the Settlement Agreement as Exhibits 1 and 2, are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court.

The Court finds that the proposed form, content and method of giving notice to the Class: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

The Settlement Administrator is directed to carry out the notice program in conformance

with the Settlement Agreement. Within 7 days after the Notice Deadline, the Settlement Administrator shall provide Settlement Class Counsel and CareCentrix with one or more declarations confirming that notice was completed in accordance with the Parties' instructions and the Court's approval. Settlement Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with the motion for final approval of the Settlement.

7. **<u>Exclusion from Class</u>**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude herself or himself from the Settlement Class to the Settlement Administrator at the address and in the manner provided in the Notice. Such requests for exclusions must meet the opt-out deadline established by this Order and stated in the Court-approved Notice.

8. **<u>Class Action Fairness Act Notice</u>**. Within 10 days after the filing of the motion for preliminary approval, CareCentrix shall serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

9. **<u>Final Approval Hearing</u>**. A Final Approval Hearing shall be held on February 15, 2018, at 1:00 P.M. at 440 U.S. Courthouse, 500 State Avenue, Kansas City, Kansas 66101, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this case should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f)

the application of Settlement Class Representative for a Service Award should be approved.

10. **<u>Objections and Appearances</u>**. Any Settlement Class Member may appear and show cause why the proposed settlement of this case should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why attorneys' fees and expenses should or should not be awarded to Settlement Class Counsel, or why a service award should or not be awarded to Settlement Class Representative; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has complied with the deadline established by this Order and the requirements for objections set forth in the Court-approved Notice. Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement, or to the award of attorneys' fees and expenses or service award, unless otherwise ordered by the Court.

11. **<u>Continuance of Hearing</u>**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator. The Court may approve the settlement, with such modifications as may be agreed by the parties, if appropriate, without further notice to the Settlement Class.

12. **<u>Schedule and Deadlines</u>**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| EVENT | TIMING |
| --- | --- |
| Deadline for CareCentrix to provide the Settlement Administrator the class name, address, and e-mail information set forth in paragraph 46 of the Settlement Agreement | October 6, 2017 |
| Deadline for CareCentrix to disseminate CAFA notices | October 9, 2017 |
| Deadline for the Settlement Administrator to mail Court-approved Notice to Settlement Class | October 20, 2017 |
| Notice deadline | October 30, 2017 |
| Deadline to file Plaintiff's motion for attorneys' fees, costs, expenses and service award | December 8, 2017 |
| Objection deadline | December 29, 2017 |
| Opt-out deadline | December 29, 2017 |
| Deadline for any briefs in opposition Plaintiff's motion for attorneys' fees, expenses, and service award | December 29, 2017 |
| Claims deadline | January 29, 2018 |
| Deadline for Class Counsel to file motion for final approval of settlement and responses to any timely submitted Class member objections | January 25, 2018 |
| Deadline to file a reply memorandum in support of Plaintiff's motion for attorneys' fees, expenses, and service award | February 1, 2018 |
| Final approval hearing | February 15, 2018 at 1:00 P.M. |

Dated: September 29, 2017

s/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge