**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| SARAH HAPKA, individually, and on behalf of all others similarly situated, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:16-cv-02372-KGG ) ) ) ) |
| CARECENTRIX, INC., |  |
| Defendant. |  |

**ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND COSTS TO CLASS COUNSEL AND A CLASS <u>REPRESENTATIVE SERVICE AWARD</u>**

The Court has reviewed Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses, and Costs to Class Counsel and a Class Representative Service Award and supporting papers (Docs. 94-95), the Parties' Joint Report and Stipulation Regarding Plaintiff's Motion for an Award of Attorneys' Fees and Expenses (Doc. 96), and Plaintiff's Reply in Support of Motion for an Award of Attorneys' Fees, Expenses, and Costs to Class Counsel and Class Representative Service Award (Doc. 100). For the reasons set forth below, the Court finds that a combined attorneys' fees, expenses, and costs award to Class Counsel in the amount of $400,000 is fair and reasonable. The

1

Court further finds that a class representative service award to Plaintiff Hapka in the amount of $2,500 is fair and reasonable.

**IT IS HEREBY ORDERED**:

1. **Service Awards**

Plaintiff Hapka seeks a service award of $2,500 to compensate her for the time and effort expended in prosecuting this case on behalf of Settlement Class Members. At the outset, the Court notes that no Settlement Class Member has objected to the service award and that Defendant CareCentrix, Inc. ("CareCentrix") does not oppose a service award in the amount of $2,500. The Court finds this amount is fair and appropriate in this case. Plaintiff Hapka stepped forward to represent the interests of the Settlement Class, consulted with counsel in the assertion of their claims, sat for her deposition, provided multiple rounds of written discovery responses, and is therefore entitled to a modest award to compensate her for her time and effort spent on behalf of the Settlement Class. Plaintiff Hapka is awarded a $2,500 service award.

2. **Attorneys' Fees**

   A. **Legal Standard**

The applicable attorneys' fee, expense, and cost shifting provision is contained within the Settlement Agreement and Release, Doc. 89-1 at ¶ 60, and any fee will be paid separate and apart from and will not diminish the relief to the class. The formula for determining reasonable attorneys' fees is straightforward: the Court multiplies (1) the hours Class Counsel reasonably expended in furtherance of the litigation by (2) Class Counsel's reasonable hourly rates. *See*, *e.g.*,

*Garcia v. Tyson Foods, Inc.*, 2012 WL 5985561, at *2 (D. Kan. Nov. 29, 2012), *aff'd*, 770 F.3d 1300 (10th Cir. 2014); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).

Following the calculation of the lodestar, the District of Kansas has traditionally evaluated the presumptively valid lodestar amount in light of the 12 factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* factors"). *See*, *e.g.*, *Bruner v. Sprint/United Mgmt. Co.*, 2009 WL 2058762, at *3 (D. Kan. July 14, 2009) (stating that all attorneys' fee requests should be evaluated in light of the *Johnson* factors).

**B.     Lodestar Calculation**

The Court's analysis begins with the calculation of the lodestar, which is the aggregate of time multiplied by an applied hourly rate. As a preliminary matter, no objection has been raised as to Class Counsel's attorneys' fees or expenses. Further, Class Counsel's rates were supported by the declaration of former United States Magistrate Judge Richard H. Ralston (Doc. 95-1), the declaration of Class Counsel (Doc. 95-2), as well as numerous orders and opinions awarding Class Counsel comparable hourly rates in the Kansas City area (*see* Doc. 95 at 13-20). The Court further finds that Class Counsel's hourly rates are reasonable for complex class action and data breach litigation in the Kansas City area, especially given Class Counsel's considerable experience in both fields.

The Court also finds that the time submitted by Class Counsel is reasonable in light of the significant time spent on necessary tasks such as case investigation, motion to dismiss briefing, written discovery, discovery disputes and attendant briefing, deposition discovery, settlement negotiation, and claims administration that occurred in this case. The Court notes that in Plaintiff's initial motion for an award of attorneys' fees and costs to Class Counsel, Plaintiff moved the Court to award Class Counsel $475,000 in attorneys' fees and $18,822 in expenses. The requested

$475,000 in attorneys' fees represented a multiplier of 1.08 on Class Counsel's then-lodestar of $437,019, which the Court understands did not include any time spent on the attorneys' fee application, the final approval briefing, or ongoing claims administration after December 8, 2017.

Subsequently, as contemplated by the District of Kansas Local Rules, the parties continued to meet and confer on the reasonableness of Class Counsel's attorneys' fees and expenses. On December 20, 2017, Plaintiff agreed to limit her request for an award of attorneys' fees and expenses to a combined award of $400,000, which CareCentrix does not oppose. *See* Joint Report and Stipulation Regarding Plaintiff's Motion for an Award of Attorneys' Fees and Expenses, Doc. 96 at ¶¶ 1-2. This represents a negative multiplier on Class Counsel's time. The Court finds that Class Counsel's lodestar of $437,019 is reasonable in light of the significant time spent in furtherance of this case, and concludes that a combined attorneys' fees and expense award of $400,000—a negative multiplier (0.87) on Class Counsel's lodestar—is inherently reasonable.

### C. The *Johnson* Factors Confirm the Reasonableness of Class Counsel's Attorneys' Fees

The *Johnson* factors likewise support the reasonableness of Class Counsel's requested attorneys' fees.

<u>Time and Labor Required</u>: As evidenced by the parties' considerable motion to dismiss briefing and the complexity of the discovery disputes brought before this Court, there can be no doubt that this case was complex and presented issues of first impression. Based on Class Counsel's submissions, as of December 8, 2017, Class Counsel had expended approximately 850 hours prosecuting this case (excluding time removed in an exercise of billing judgment, time spent

4

preparing the attorneys' fee motion, and any time after December 8, 2017). This factor supports Class Counsel's application for attorneys' fees.

The Novelty and Difficulty of the Questions: Again, the motion to dismiss briefing and multiple discovery disputes in this case evidenced the novelty of the questions that would play a key role in this case. These questions include (a) Article III standing for data breach victims; (b) the duty of care owed by an employer to its employees when collecting and storing their W-2 Form information; (c) whether a defendant may obtain absent class member discovery in a data breach case; (d) what type of damages are available at trial; and (e) whether Plaintiff Hapka could obtain class certification of a class of data breach victims (an issue of first impression in the Tenth Circuit). This factor supports Class Counsel's application for attorneys' fees.

The Skill Requisite to Perform the Legal Service Properly: In support of their reasonable hourly rates, Class Counsel submitted numerous judicial orders (as well as the declaration of a former United States Magistrate Judge) evidencing Class Counsel's considerable skill in complex class action and data breach litigation. This factor supports Class Counsel's application for attorneys' fees.

The Preclusion of Other Employment by the Attorney Due to the Acceptance of the Case: Class Counsel submitted evidence that, absent taking this case on a contingency basis, Class Counsel would have had the opportunity to engage in more hourly, non-contingent billable work.

*See* Vahle Decl., Doc. 95-2 at ¶ 38-39.  This factor supports Class Counsel's application for attorneys' fees.

The Customary Fee:  Class Counsel's customary fees are comparable to the fees being sought here (*see* Doc. 95 at 13-20).  This factor supports Class Counsel's application for attorneys' fees.

Whether the Fee is Fixed or Contingent:  Class Counsel submitted evidence that they took this case on a contingency basis and that Plaintiff Hapka was not in a financial position to retain lawyers on an hourly basis or pay the costs of litigation. *See* Vahle Decl., Doc. 95-2 at ¶ 38-39.  Absent Class Counsel taking this case on a contingency basis, it is very likely that the Settlement Class Members would not be able to take advantage of the significant relief being made available.  This factor supports Class Counsel's application for attorneys' fees.

The Time Limitations Imposed by the Client or the Circumstances:  Class Counsel litigated this case quickly and efficiently.  First, Class Counsel's work allowed Settlement Class Members to take advantage of the Out-of-Pocket Losses reimbursement or, alternatively, the minimum $200 payment for tax fraud, which will allow Settlement Class Members to rectify losses already incurred.  Second, Class Counsel's work will allow Settlement Class Members to enroll in the Credit Monitoring Services, which will help mitigate future harms.  Given the nature of this case, it was important for Class Counsel to litigate this case on an expedited schedule, which Class Counsel successfully did.  This factor supports Class Counsel's application for attorneys' fees.

The Amount Involved and the Results Obtained:  By any measure, Class Counsel obtained a robust result in this data breach class action.  The Settlement addresses past harms through reimbursement of Out-of-Pocket Losses or the alternative minimum $200 payment for tax fraud

and also helps Settlement Class Members protect against future harm through the Credit Monitoring Services. This factor supports Class Counsel's application for attorneys' fees.

<u>The Experience, Reputation, and Ability of the Attorneys</u>: As discussed above, Class Counsel are very experienced in complex class action and data breach litigation. This factor supports Class Counsel's application for attorneys' fees.

<u>The "Undesirability" of the Case</u>: As discussed above, this case presented novel issues under Kansas law and success was far from certain. This uncertainty of recovery supports Class Counsel's application for attorneys' fees.

<u>The Nature and Length of the Professional Relationship with the Client</u>: Class Counsel assisted Plaintiff Hapka in litigating this case to a successful conclusion following the release of her W-2 Form to a third party and the subsequent fraudulent use of that information. Given the sensitive nature of the information released, it was necessary for Class Counsel to have a strong

professional relationship with Plaintiff Hapka to successfully litigate this case. This factor supports Class Counsel's application for attorneys' fees.

Awards in Similar Cases: Class Counsel have consistently recovered attorneys' fees commensurate with those requested in this case. This factor supports Class Counsel's application for attorneys' fees.

The Court finds that the *Johnson* factors confirm the reasonableness of Class Counsel's lodestar.

**3.   Conclusion**

For the reasons set forth above, the Court hereby (1) approves a service award to Plaintiff Hapka in the amount of $2,500; and (2) awards a combined attorneys' fees and expenses award to Class Counsel in the amount of $400,000.

Dated: February 15, 2018                     s / Kenneth G. Gale
                                             Kenneth G. Gale
                                             United States Magistrate Judge